v. Dutchess County Family Court. Good morning. Thank you for allowing me to do my presentation. In dismissing my amended complaint, Judge Seibel ignored Rules of Civil Procedure, Rule 38, which states the right of trial by jury as declared by the Seventh Amendment to the Constitution or as provided by a federal statute is preserved to the parties inviolate. Judge Seibel gave me written instructions, which I followed as written. There was no mention of any discrepancies, conclusions, mistakes, etc., that should be fixed. It was ruled in DRC v. Custer Battles that a court should not attempt to substitute its judgment for a jury. Judge Seibel erred in alleging that I seek monetary damages and allege acts of constitutional deprivation by the judicial officer. Nowhere in my complaint does it say that I am seeking monetary damages, and I have not filed any charges against the judicial officer. In Judge Seibel's decision, she wrote, I will consider documents referred to as exhibits because they form the factual basis for many of the allegations, and neither party disputes their authenticity, accuracy, or relevance. Federal Rule of Civil Procedure 12b-6 says to survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face. The exhibits easily satisfy that requirement. Judge Seibel erred in dismissing my complaint under the statute of limitations because the case is still active. I was served a summons to appear in family court for trial on December 5, 2022, proving that the statute of limitations cannot be applied. Defendant Jacobs was allowed to be pro se, but I was denied the same right in violation of the 14th Amendment and leaving me on trial with no legal representation. Under 28 U.S.C. 1654, I have the right to plead and conduct my own case. Judge Seibel knew, or should have known, that in cases of violations of the 14th Amendment, the 11th Amendment cannot be applied. I refer the court to Ex Parte Young, Wood v. Strickland, 18 U.S.C. 242, and Section 1983. Under Edelman v. Jordan, it was ruled that the 11th Amendment does not bar suits against a state when the essence for the action is not the recovery of money. The 8th Amendment prohibits cruel and unusual punishment. I received a nine-year sentence for the crime of writing a letter trying to help my son who was using drugs. Under Federal Rule 8, a party must admit or deny the allegations asserted by the opposing party, and failing to deny an allegation is admitted. Under Federal Rule 8, the defendants admitted guilty. Sovereign immunity cannot be applied when a court acts outside of its judicial capacity and violates the Constitution or federal laws. Ruckelsfeldman does not apply because I am not asking this court to avoid or relitigate family court orders or decisions. I am only asking this court to uphold the Constitution of the United States of America. Defendant Jacobs filed a false criminal charge of child abuse against me. In his sworn affidavit dated November 5, 2014, he provided proof. Under Penal Law 240.60, his crime has a penalty of up to seven years in prison. The family court became an accessory after the fact by putting me on trial for child abuse in support of Defendant Jacobs. My rights under the Fifth Amendment of the Constitution were violated because my name, reputation, business, and ability to work as a teacher was destroyed. The family court violated the Fourth Amendment when it issued a warrant for my arrest on April 6, 2018, with no probable cause, no cause of action, or justifiable reason. The Fourth Amendment states no warrant shall issue but upon probable cause supported by oath or affirmation. The police in Poughkeepsie, New York and Queens, New York both refused to arrest me because I had not committed a crime. And they suggested I contact the court to straighten out any confusion. On page 10 and page 24 in the defendant's brief, the law was misrepresented and statements that are not true, lies, were presented. Pages DA41, DA45, and DA46 provide proof. I presented undisputed, undeniable proof beyond any reasonable doubt that the family court had violated the Constitution. I submit that this case is of national importance because it is about the willful, deliberate, and proven violations of the Constitution. I therefore respectfully ask that this court reverse the judgment of the lower court with a finding of fact in favor of the appellant, and remand the case for an impartial trial before an unprejudiced jury on proper evidence and under proper instructions as is just and proper. And Mr. Jacobs, can you hear me? Can you hear me now? Yes. Thank you for your argument, and we're going to hear from your adversary. And did you want to speak again after he sits down? All right. So you can have a seat right there. No. No, no, right there. Yeah. Right next to the podium. Thank you. Thank you, Mr. Jacobs. Thank you. May it please the court, Stephen Yanni for Dutchess County Family Court. The district court correctly held that plaintiff's claims are barred by the 11th Amendment and the statute of limitations, and as we explained in our brief, the claims are also foreclosed by the Rooker-Feldman Doctrine. First, Dutchess County Family Court, as part of the New York State Unified Court System, is an arm of the state and is thus entitled to 11th Amendment immunity. And contrary to plaintiff's contention, he cannot proceed under ex parte young here because no state official is named as a defendant. Can you tell me what your understanding is of the relief that Mr. Jacobs sought in his complaint? On page 41 of the record, I believe, lists the relief. He asks for a process in family court to review certain decisions to make sure civil rights are protected, supervision and training of family court judgment, review of disputed and controversial decisions, and monetary damages. That's at page 41 of the record. Thank you. But regardless of the type of relief sought, the 11th Amendment immunity applies regardless, as we've explained in our brief and as the Supreme Court has held. As I mentioned, there are no claims raised here against any state officials. As Mr. Jacobs mentioned here today, he's not suing any judicial officer, and there are no claims against Judge Agito asserted in the amended complaint, and plaintiff reconfirms this in his submissions to this court at page 48. In addition, aside from the 11th Amendment, the statute of limitations bars the claims here. All of the events at issue occurred more than three years before plaintiff filed this action in December 2021. Plaintiff's only response is that there was an ongoing related family court proceeding this past December, but there are no allegations about that proceeding in the complaint. And in any event, as appellee Kent Jacobs mentions in his brief, the plaintiff at that hearing in December consented to an extension of the order of protection. Finally, although the court doesn't need to reach the issue, these claims are also barred by the Rooker-Feldman Doctrine. Plaintiff asserts that the orders of protection are flawed and should have been dismissed. That's at page 40 of the complaint. It's undisputed that he lost below in state court, and these adverse judgments became final well before he commenced this action, and they've gone through the entire appellate process. Unless the court has further questions, we respectfully ask you to refer.  I would only ask if the court could accept my notes and these documents that support my notes. We have your briefing and the record in the case. Yes, but there were things that I did not know at the time and may not be included in the brief. Let me suggest that you make a motion with the clerk's office if you want to supplement the record, but I don't think that that is likely to be necessary. We have your brief and we have your argument. Can I ask you one question about the proceeding in state court? It's still ongoing, as you say. I'm sorry. Please speak up. Okay, I'll speak up. The statute of limitations, you know, one argument that has been made is that the statute of limitations has expired on your claim. Do you understand? I'm afraid not. Well, you say you can proceed with the case because the case in New York is ongoing. You're still before the Duchess family court, right? Oh, I understand. The statute of limitations cannot apply because the case is still active. And we'll consider that argument and go back to the case law. But the things that happened that you're complaining about did happen over three years ago. So their argument is you were on notice, you already knew, and your claim had accrued. And we'll look at that argument and consider the law very carefully and consider your case carefully. Well, the decision, there was a decision on December 5th to increase my penalty an additional two years. So that was just recently, December 5th, where I was given an additional penalty of two years, which amounted to a nine-year sentence, which is way above the Eighth Amendment. Thank you for your argument, Mr. Jacobs. And we'll take the matter under advisement. So if I understand correctly, you cannot accept these documents? We're not going to accept them right now, but if you make a motion to have us look at them, we'll look at that motion. I can submit them as additional? I can send them to the court? Is that what you're saying? I'm saying you can make a motion for us to consider them. Oh, I can make a motion. I see. Thank you very much. Thank you both, and we will take the matter under advisement. That is the last case on the calendar today, so I'll ask the clerk to adjourn court. Thank you again. Court is adjourned.